UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GEORGE, PETER GEORGE
KATSAMPES, GEORGE TILLERY,
JEFFREY PEGLOW, MICHAEL COMTOIS,
MITCHELL OLEN MANLEY, and DEXTER
HARRIS,

        Petitioners,                    Case Number 19-11063

v.                                      Honorable David M. Lawson

JOSEPH BARRETT and SHERMAN
CAMPBELL,

        Respondents.
_____/

## ORDER DISMISSING WITHOUT PREJUDICE PETITION
## FOR WRIT OF HABEAS CORPUS

On April 12, 2019, petitioners John George, Peter George Katsampes, George Tillery,

Jeffrey Peglow, Michael Comtois, Mitchell Olen Manley, and Dexter Harris filed a joint petition

for writ of habeas corpus under 28 U.S.C. § 2254. Most of the petitioners are incarcerated at the

Cooper Street Correctional Facility in Jackson, Michigan; Dexter Harris is incarcerated at the Gus

Harrison Correctional Facility in Adrian, Michigan. Their *pro se* petition raises several issues,

including that the Michigan laws under which they separately were convicted and continue to be

held in custody are unconstitutional and that the State of Michigan never acquired either personal

or subject-matter jurisdiction over their criminal cases, some of which apparently involved sexual

misconduct.

When a petition for habeas corpus is filed, the Court reviews it promptly to determine

whether an answer will be ordered, or if the petition should be dismissed summarily. *See* Rule 4,

Rules Governing Section 2254 Cases. This petition falls into the latter category.

Although not expressly prohibited by the habeas rules, *see generally* Rules Governing Section 2254 Cases, joinder of multiple petitioners is disfavored, where, like here, the petitioners seek relief from convictions arising out of separate factual scenarios and did not jointly pursue post-judgment relief in the state court system. *See Borzych v. Bertrand*, 974 F. Supp. 1220, 1222 (E.D. Wis. 1997) ("Petitions for a writ of habeas corpus are by nature an individual action."). The Court therefore will dismiss the joint petition without prejudice to the filing of separate petitions.

It is well-established that district courts "may apply the Federal Rules of Civil Procedure . . . 'to the extent that they are not inconsistent with any statutory provisions or [the habeas] rules.'" *Hill v. Mitchell*, 842 F.3d 910, 926 (6th Cir. 2016) (quoting *Mayle v. Felix*, 545 U.S. 644, 654 (2005); Rule 12, Rules Governing Section 2254 Cases. Federal Rule of Civil Procedure 20 "provides that: 'Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.'" *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (quoting Fed. R. Civ. P. 20(a)(1)). The two components of the "test" used by courts to determine proper joinder of plaintiffs under Rule 20 are (1) allegations that the claims stem from the same events or series of events; and (2) "there is at least one common question of law or fact linking all claims." *Ibid.* "However, even if this test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Ibid.* (citations omitted). Federal Rule of Civil Procedure 21 furnishes additional authority for a court "on its own" to "add or drop a party" "on just terms." *Allsup's*, 600 F.3d at 521 (quoting Fed R. Civ. P. 21).

The allegations of individual circumstances giving rise to the contested convictions in the joint petition here amply suggest that the petitioners' attempt at joinder is improper because their claims do not arise from any single occurrence or series of related occurrences, and the merits of their claims will turn on the specific circumstances surrounding their separate convictions. For example, the petition calls to the Court's attention petitioner John George's belief that the trial court improperly disregarded his attempts to ascertain the bases for the charges brought against him and under what authority. The petition later describes the circumstances giving rise to petitioner Jeffrey Peglow's claims and questions the evidentiary basis for his criminal sexual assault conviction. Although the petition does not detail the events surrounding the other petitioners' convictions, it notes that all the petitioners were "separately on different dates and times kidnapped" by the State of Michigan, confirming that they do not satisfy the requirements of Rule 20.

Moreover, at least two other courts have dismissed joint habeas petitions without prejudice where the petitioners' claims ran afoul of Rule 20. *See Heath v. Bell*, 448 F. Supp. 416, 418 (M.D. Pa. 1977) (severing claims into separate petitions because "the mere fact that a parole decision is involved [as to each petitioner] is not enough of a connection to satisfy" requirement that claims arise from "same transaction or series of transactions"); *Njie v. Unknown*, No. SACV 19-0409-PSG, 2019 WL 1433724, at *1-2 (C.D. Cal. Mar. 25, 2019) ("Although the three petitioners appear to share some background facts that are relatively common among ICE detainees . . . the Petition does not allege any facts demonstrating that their claims are sufficiently similar to allow them to be heard together.").

It also is not clear that the petitioners have exhausted their state court remedies. The doctrine of exhaustion of state remedies requires state prisoners to "fairly present' their claims as

federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. It would not be an efficient use of judicial resources to allow the petitioners to pursue their claims jointly, only to stay the proceedings pending the complete exhaustion of state remedies by some petitioners.

What's more, at least some of the petitioners previously have been denied habeas relief, further underscoring the impracticality of a joint petition under the circumstances. *See Comtois v. McKee,* No. 14-13286, 2017 WL 2225105 (E.D. Mich. May 22, 2017); *Harris v. McKee,* No. 12-13658, 2014 WL 645228 (E.D. Mich. Feb. 19, 2014); *app. dism.* No. 14-1367 (6th Cir. Sep. 30, 2014); *Tillery v. Metrish,* No. 07-13288 (E.D. Mich. Mar. 7, 2008); *app. dism.* No. 08-1543 (6th Cir. Sept. 25, 2008); *cert. den.* 557 U.S. 923 (2009). To the extent that the present petition relates to the same convictions previously challenged, these petitioners evidently have not sought permission to file a second or successive habeas petition from the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). If the Court allowed the joint petition to proceed, the other petitioners would be prejudiced by the delay that would result while the court of appeals determined whether petitioners Comtois, Harris, and Tillery may pursue a second petition. The principles underlying the Court's authority to refuse joinder favors requiring the petitioners to pursue their claims individually.

Accordingly, it is **ORDERED** that the joint petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** to the filing of new, separate petitions by each petitioner.

It is further **ORDERED** that the petitioners' motion for injunction (ECF No. 7) is **DISMISSED AS MOOT**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: June 4, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 4, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

---